UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STUART KANE AND LISA PHILLIPS KANE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-8803** |
| **NATIONAL UNION FIRE INSURANCE COMPANY, QUEST COMMUNICATIONS and DANIEL COMSTOCK** | **SECTION "K"(3)** |

## *ORDER AND OPINION*

Before the Court is a motion for summary judgment filed on behalf of defendants Qwest Communications and Daniel Comstock. (Doc. 2). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned below, grants the motion for summary judgment.

### BACKGROUND

On April 18, 2002, Stuart Kane was involved in an automobile accident with a vehicle driven by Daniel Comstock, an employee of Qwest Communications ("Qwest"). On July 19, 2002, Stuart Kane and his wife Lisa filed suit in 22nd Judicial District Court, Parish of St. Tammany against Daniel Comstock, Qwest, and Quest's insurer National Union Fire Insurance Company, seeking damages resulting from the accident.

On October 13, 2005, Stuart and Lisa Kane filed a petition in the United States Bankruptcy Court for the Eastern District of Louisiana seeking relief under Chapter 7 of the Bankruptcy Act. Mr. and Mrs. Kane did not list the personal injury claims arising from the automobile accident on their bankruptcy schedules. On March 13, 2006, the bankruptcy judge discharged the Kanes from bankruptcy. At the time the Kanes received their discharge from bankruptcy, their personal injury suit remained pending in state court.

Thereafter, Qwest and Mr. Comstock removed the Kanes' state court suit to this Court,

LAW AND ANALYSIS

Qwest and Mr. Comstock seek summary judgment contending that because plaintiffs failed to disclose the existence of their personal injury claim on their bankruptcy schedules, they are judicially estopped from now asserting that claim.

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The doctrine of judicial estoppel bars a party from assuming inconsistent positions in litigation. *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988). Judicial estoppel is designed "to protect the integrity of the judicial process, by prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest." *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999)(internal quotations and citation omitted). Judicial estoppel applies when (1) a party's position is clearly inconsistent with a previous position; (2) the court accepted the previous position; and (3) the non-disclosure must not have been inadvertent. *Id.*

Plaintiffs do not deny that they failed to identify their personal injury claims in their bankruptcy schedules. Nor do they attempt to persuade the Court that they are not judicially estopped from pursuing their claim for personal injuries.

The Fifth Circuit has held that the failure to list a personal injury claim in bankruptcy filings "is tantamount" to a representation that no claim existed. *In Re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004). Thus, the Kanes' failure to disclose the personal injury claim on their bankruptcy schedules is clearly inconsistent with their present pursuit of their personal injury claims.

The bankruptcy court discharged plaintiffs from bankruptcy on March 13, 2006. Implicit in that discharge is the bankruptcy judge's acceptance of plaintiffs' representations in the bankruptcy schedules.

The final requirement for judicial estoppel is that the non-disclosure must not have been inadvertent. Plaintiffs do not offer any reason for failing to list the then pending personal injury suit

in their bankruptcy schedules; they simply state that the failure to do so was inadvertent.

A "debtor's failure to satisfy its statutory disclosure duty is "inadvertent" only when, in general the debtor lacks knowledge of the undisclosed claim *or* has no motive for its concealment." *Coastal Plains*, 179 F.3d at 210. Plaintiffs filed their personal injury suit prior to initiating their bankruptcy proceedings. They clearly had knowledge of the claims. Additionally, they had a motive to fail to disclose the claims: if plaintiffs recovered on the personal injury claims without having disclosed it to their creditors, they would have received a windfall. Plaintiff has not come forth with any facts which raise a genuine issue of material fact on the issue of judicial estoppel.

Moreover, plaintiffs cannot bring this suit because a pre-petition cause of action is the property of the Chapter 7 estate and the trustee, as the representative of the estate, is the only party with standing to prosecute causes of action belonging to the estate. 11 U.S.C. §323. Therefore, the trustee is the proper party to have brought this suit.

At the request of the Court, Aaron Caillouet, the trustee in the Kanes' bankruptcy proceeding, filed a response to defendants' motion for summary judgment stating, that the motion should be denied to permit the trustee to pursue the personal injury claim.[1] Despite the trustee's plea, the Court grants the motion for summary judgment.[2] *Superior Crewboats* mandates dismissal of the claim for personal injuries regardless of whether it is brought by plaintiffs or the trustee.

---

[1] The Court notes that the trustee has filed a motion to be substituted as the proper party plaintiff in this proceeding, and that the bankruptcy court has granted the trustee's motion to reopen the bankruptcy.

[2] The granting of this motion for summary judgment moots the trustee's motion to be substituted as the plaintiff in this proceeding.

In *Superior Crewboats*, slightly more than one year after Arthur Hudspeth sustained personal injuries while disembarking from a vessel owned and operated by Superior Crewboats, he and his wife filed a Chapter 13 bankruptcy petition. The debtors did not disclose their potential lawsuit against Superior in their bankruptcy schedules. They did disclose the potential lawsuit during the §341 creditors meeting; however, they incorrectly stated that the suit was prescribed. Thereafter the bankruptcy trustee abandoned the claim, and the debtors were granted a "no asset" discharge from bankruptcy.

Several months after being discharged from bankruptcy, Mr. Hudspeth filed a personal injury claim in a limitation of liability proceeding filed by Superior Crewboats. Superior notified the bankruptcy trustee that the debtor had filed a claim in limitation proceeding for a pre-petition personal injury. The trustee then moved to reopen the bankruptcy proceedings and to be substituted as the plaintiff in the limitation proceeding.

Superior Crewboats filed a motion to dismiss Mr. Hudspeth's personal injury claim, contending that the claim was barred by judicial estoppel. The district court denied the motion.

The Fifth Circuit reversed, holding that judicial estoppel precluded the debtor from pursuing his personal injury claim. The court noted that judicial estoppel was designed to prevent abuse of the judicial system by prohibiting debtors who conceal claims from getting "rid of [their] creditors on the cheap, and start[ing] over with a bundle of rights." *Id.* at 336 (internal quotation and citation omitted). Additionally, the court concluded that its determination that the debtor was judicially estopped from pursuing his personal injury claim mooted the trustee's motion to be substituted as the claimant in the limitation proceeding.

The Fifth's Circuit's reasoning is equally applicable here. While it is true that the trustee in

this case, unlike the trustee in *Superior Crewboats*, did not abandon the personal injury claim, that distinction does not warrant a different result.  The Fifth Circuit rejected the district court's reasoning that the trustee had a duty to investigate the viability of the personal injury claim before electing to abandon it and  attributed no fault to the trustee for abandoning the personal injury claim. *Id.* at 335-36  n.4.  The trustee's abandonment of the claim played no role in the court's decision in *Superior Crewboats* to find the claim judicially estopped, a decision which had the intended consequence of mooting the trustee's motion to be substituted as the proper party plaintiff.  Nothing in the Fifth Circuit's reasoning hints  that the court might  have reached a different conclusion had the trustee not abandoned the claim.  Accordingly,

IT IS ORDERED that the claims of plaintiffs Stuart Kane and Lisa Phillips against defendants Qwest Communications and Daniel Comstock are hereby dismissed with prejudice;

IT IS FURTHER ORDERED   that the motion to substitute parties plaintiff filed on behalf of Aaron Caillouet, acting trustee of the Chapter 7 bankruptcy estate of Stuart Kane and Lisa Phillips Kane, (Doc. 8) is Denied as moot.

New Orleans, Louisiana, this 29th  day of May, 2007.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE