# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STUART KANE AND LISA PHILLIPS KANE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-8803** |
| **NATIONAL UNION FIRE INSURANCE COMPANY, QUEST COMMUNICATIONS and DANIEL COMSTOCK** | **SECTION "K"(3)** |

## *ORDER AND OPINION*

Before the Court is a "Motion for Partial Summary Judgment on the Issue of Recoverable Damages filed on behalf of defendants Qwest Communications and Daniel Comstock. (Doc. 37). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned below, **DENIES** the motion as premature.

## BACKGROUND

On April 18, 2002, Stuart Kane was involved in an automobile accident with a vehicle driven by Daniel Comstock, an employee of Qwest Communications ("Qwest"). On July 19, 2002, Stuart Kane and his wife Lisa filed suit in 22nd Judicial District Court, Parish of St. Tammany against Daniel Comstock, Qwest, and Quest's insurer National Union Fire Insurance Company, seeking damages resulting from the accident.

On October 13, 2005, Stuart and Lisa Kane filed a petition in the United States Bankruptcy Court for the Eastern District of Louisiana seeking relief under Chapter 7 of the Bankruptcy Act. Mr. and Mrs. Kane did not list the personal injury claims arising from the automobile accident on their bankruptcy schedules. On March 13, 2006, the bankruptcy judge discharged the Kanes from bankruptcy. At the time the Kanes received their discharge from bankruptcy, their personal injury

suit remained pending in state court.

Qwest and Mr. Comstock removed the Kanes' state court suit to this Court and moved for summary judgment contending that plaintiffs were judicially estopped from pursuing the claim because they had failed to disclose the claim in their bankruptcy petition. Thereafter, Aaron Caillouet, the bankruptcy Trustee, filed a motion to substitute himself as the real party in interest. The Court granted defendants' motion for summary judgment concluding that *In re Superior Crewboats, Inc.*, 374 F.3d 330 (5th Cir. 2004), mandated that the doctrine of judicial estoppel barred the Kanes from pursuing the personal injury claim. (Doc. 16). The Court also denied the Trustee's motion as moot. *Id.*

The Kanes and the Trustee appealed the grant of summary judgment. The Fifth Circuit reversed and remanded holding that *In re Superior Crewboats, Inc.* did not require application of the doctrine of judicial estoppel where the Trustee, the real party in interest, had not abandoned the personal injury claim in the bankruptcy proceeding but rather had reopened the bankruptcy proceeding to pursue the claim for the benefit of the bankruptcy estate's creditors. *Kane v. National Union Fire Insurance Company*, No. 07-30611 (5th Cir. July 14, 2008).

LAW AND ANALYSIS

Qwest and Daniel Comstock seek an order limiting the damages for which they are responsible to the debts due to the bankrupt estate contending that the doctrine of judicial estoppel bars the Kanes from recovering any funds in this proceeding. The Court concludes that the defendants' motion is premature.

"[T]he Kanes' personal injury claim became an assert of their bankruptcy estate when they filed their Chapter 7 petition. The Trustee became the real party in interest in the Kanes' lawsuit

2

at that point and has never abandoned his interest therein. *Id.* Thus, the Kanes currently have no standing to pursue the claim for personal injuries. "Moreover, the Kanes stand to benefit only in the event that there is a surplus after all debts and fees [of the bankruptcy estate] have been paid." *Id.*

The total value of the claims to be administered in the bankruptcy case has not yet been determined. Therefore, it is not known whether a recovery in this lawsuit will result in a surplus in the bankrupt estate. The Court concludes that it until such time as it is determined that there is a surplus in the bankrupt estate, it would be premature to address whether judicial estoppel bars the Kanes from receiving any surplus which may be available following payment of all debts and fees in their bankruptcy proceeding. Accordingly, the motion is denied as premature.

New Orleans, Louisiana, this 25th day of February, 2009.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE